**NOT FOR PUBLICATION**

FILED

DEC 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARLETON LLC, an Oregon limited liability company, | No. 14-35540 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-00989-AC |
| v. | MEMORANDUM* |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, an Illinois insurance business corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted November 9, 2016
Portland, Oregon

Before: McKEOWN, W. FLETCHER, and FISHER, Circuit Judges.

Tarleton LLC ("Tarleton") appeals from the district court's order granting

summary judgment to State Farm Fire and Casualty Insurance Company ("State

Farm"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review the district court's grant of summary judgment de novo. *Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 918 (9th Cir. 2009). Summary judgment is appropriate if, viewing the evidence in the light most favorable to Tarleton, there is no genuine issue of material fact and State Farm is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Olden v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

State Farm is entitled to summary judgment. Tarleton's insurance policy covers collapses that were "directly and immediately caused only by . . . the weight of contents . . . [and] equipment." Tarleton's expert, Wade Younie, identified in his expert report elevated July temperatures as a contributing cause of the 2011 collapse of Truss D. There is thus no genuine dispute that a factor other than the weight of contents and equipment directly and immediately caused the collapse. On Tarleton's own theory of causation, the insurance policy cannot apply.

Tarleton argues that summary judgment is improper because Younie later submitted an affidavit withdrawing his opinion, stated in his expert report, that heat was a "likely trigger" of the truss collapse. However, the circumstances surrounding the withdrawal did not require the district court to credit Younie's change of opinion. Younie sought to retract a dispositive expert opinion without any new evidence, only after a motion for summary judgment was made, and only after a district court decision interpreting similar insurance policy language alerted

Tarleton to the damaging nature of Younie's conclusion in his expert report.  *See*

*Bjugan v. State Farm Fire & Cas. Co.*, 969 F. Supp. 2d 1283, 1291 (D. Or. 2013).

Under these circumstances, the issue of fact created by Younie's later-submitted

affidavit cannot reasonably be characterized as "genuine."  The district court

therefore did not err in disregarding the heat-related portions of Younie's affidavit.

**AFFIRMED.**